# United States Bankruptcy Court

Northern District of Illinois
Case No. 14–24379
**Chapter 13**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Kelly M. DiFiore
   aka Kelly Marie DiFiore, fka Kelly
   Marie McClory
   11572 Tea Tree Lane
   Frankfort, IL 60423

Social Security / Individual Taxpayer ID No.:
   xxx−xx−5563

Employer Tax ID / Other nos.:


## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

     If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtor's plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.


                                                                FOR THE COURT


Dated: <u>April 22, 2015</u>                               <u>Jeffrey P. Allsteadt, Clerk</u>
                                                          United States Bankruptcy Court


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                 Case No. 14-24379-BWB
Kelly M. DiFiore                                                       Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1          User: dwilliams            Page 1 of 1            Date Rcvd: Apr 22, 2015
                         Form ID: b18w              Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 24, 2015.
```
db             +Kelly M. DiFiore,    11572 Tea Tree Lane,    Frankfort, IL 60423-5103
22114895        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
22114897       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
22528597       +JPMorgan Chase Bank, NA,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
22175504        JPMorgan Chase Bank, National Association,    c/o Manley Deas Kochalski LLC,    P.O. Box 165028,
                 Columbus, OH 43216-5028
22114899        Michael DiFiore,    11572 Tea Tree Lane,    Joliet, IL 60432
22114900       +Plaza Home Mortgage,    1 Corporate Drive, Suite 360,    Lake Zurich, IL 60047-8945
22114901       +Plaza Home Mortgage,    4820 East-Gate Mall, Suite 100,    San Diego, CA 92121-1993
22396136       +Plaza Home Mortgage, Inc,    1 Corporate Drive Suite 360,    Lake Zurich, Illinois 60047-8945
22114902       +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
22114894       +EDI: CHASE.COM Apr 23 2015 01:58:00      Chase *,    ATTN: Bankruptcy Department,
                 P.O. Box 15298,    Wilmington, DE 19850-5298
22114896       +E-mail/Text: Donna.ODonnell@ericksonmanagement.com Apr 23 2015 02:06:23
                 Erickson Management Company,    13301 S. Ridgeland Avenue, Suite B,
                 Palos Heights, IL 60463-0030
22114898       +EDI: CHASE.COM Apr 23 2015 01:58:00      JPMorgan Chase,    270 Park Avenue,
                 New York, NY 10017-2014
                                                                                              TOTAL: 3
```
        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 24, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 22, 2015 at the address(es) listed below:
```
          Bryan D Hughes    on behalf of Creditor    Plaza Home Mortgage, Inc. bankruptcy@FALLAW.com
          Glenn B Stearns    mcguckin_m@lisle13.com
          Nathan C Volheim    on behalf of Debtor Kelly M. DiFiore courtinfo@sulaimanlaw.com,
           nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
           ;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Steven C Lindberg    on behalf of Creditor    Plaza Home Mortgage, Inc. bankruptcy@fallaw.com
                                                                                              TOTAL: 5
```